Filed 12/1/22  P. v. Johnson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079189 |
| v. | (Super. Ct. No. RIF149172) |
| KENYATTA ANDREW JOHNSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

Defendant and appellant Kenyatta Andrew Johnson appeals from a postjudgment

1

order denying his Penal Code[1] section 1172.6 (formerly section 1170.95)[2] petition to vacate his attempted murder conviction and for resentencing under the procedures established by Senate Bill Nos. 775 and 1437.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so.  Because defendant is not entitled to *Wende/Anders* review from denial of the challenged postjudgment petition and he has not raised any claim of error in the denial, we dismiss his appeal as abandoned.

II.

FACTUAL AND PROCEDURAL BACKGROUND[3]

Defendant, who was not an identified gang member, shot Quincy Brown, a member of the Crip criminal street gang, in the stomach.  Defendant was also in possession of cocaine at the time he was detained.

---

[1]  All future statutory references are to the Penal Code.

[2]  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 for ease of reference unless otherwise indicated.

[3]  A summary of the factual background is taken from our nonpublished opinion in defendant's direct appeal, *People v. Johnson* (May 17, 2012, E053171).  The facts of defendant's underlying offenses from his direct appeal established that defendant acted alone and was the sole person who attempted to kill the victim.  (See *ibid*.)

A jury found defendant guilty of attempted murder (§§ 664/187, subd. (a)), being a felon in possession of a firearm (§ 12021, subd. (a)(1)), and selling or transporting cocaine base (Health & Saf. Code, § 11352, subd. (a).)  As to the attempted murder, the jury found true the enhancement allegation that defendant personally and intentionally discharged a firearm and proximately caused great bodily injury or death to another person, not an accomplice (§ 12022.53, subd. (d)).  Defendant admitted having suffered a prior strike conviction (§§ 667, subds. (c), (e)(1) & 1170.12, subd. (c)(1)) and three prior prison terms (§ 667.5).  The trial court sentenced defendant to a determinate term of 19 years and an indeterminate term of 25 years to life.

On January 1, 2019, Senate Bill No. 1437 became effective, which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder.  (See Stats. 2018, ch. 1015, § 1, subd. (f).)  Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law.  (Stats. 2018, ch. 1015, § 4.)  Effective January 1, 2022, Senate Bill No. 775 clarified that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories."  (Stats. 2021, ch. 551, § 1.)

On February 14, 2022, defendant in propria persona filed a petition for resentencing pursuant to former section 1170.95.

Defendant was appointed counsel, and on June 10, 2022, the court held a hearing on the petition. During that hearing, the prosecutor informed the court that defendant was not eligible for relief and thus his petition should be denied because defendant was the actual shooter and the jury instructions showed that defendant was not prosecuted under either the felony-murder rule or under the natural and probable consequences doctrine. After defense counsel did not "take issue with these representations," the court denied the petition. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Thus, no claim of error has been raised.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95. (*People v. Delgadillo*, rev. granted Feb. 17, 2021, S266305; see Cal. Rules of Court, rule 8.512(d)(2).) Court of

4

Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the defendant does not file a supplemental brief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.) Some cases have explained that we have discretion to review the record independently for arguable issues, either where an initial review does not show the defendant is obviously ineligible for relief (such as when the defendant was convicted on a theory he was the actual killer) or as a routine matter. (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; *People v. Flores* (2020) 54 Cal.App.5th 266, 269-274.)

In this case, we conclude defendant is not entitled to *Wende* review of an order denying his petition for resentencing under section 1172.6. Review pursuant to *Wende*, or its federal constitutional counterpart *Anders*, is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, *supra*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) While a criminal defendant has a right to appointed counsel in an appeal from

5

an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, *supra*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to section 1016.5].)

Applying *Serrano* here, defendant has no right to *Wende*/*Anders* review of the denial of his section 1172.6 petition for resentencing. Furthermore, because defendant has not raised any claim of error, and because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, we will dismiss defendant's appeal as abandoned.

We note, however, that the result would be the same even if we were to exercise our discretion to conduct an independent review. There is no dispute that defendant acted alone. There is also no dispute that defendant was the actual shooter who solely attempted to kill the victim, that defendant personally and intentionally discharged the firearm at the victim, and that he was not prosecuted under either the felony-murder rule or the natural and probable consequences doctrine. The trial court correctly denied defendant's petition.

6

IV.

DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

FEILDS
J.

7